IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

UNITED STATES OF AMERICA         :
                                 :   DOCKET NO. 5:13-CR-31-HL
VS.                              :
                                 :
GEORGE ROBERT VITO               :
_____  :

## PLEA AGREEMENT

FILED
FEB 10 2014
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA

It is agreed by the United States of America, by and through its undersigned attorney, and GEORGE ROBERT VITO, hereinafter referred to as "Defendant," and defendant's undersigned attorney, as follows:

(1)

Defendant acknowledges that defendant has reviewed and discussed the indictment against defendant in this matter with defendant's attorney and defendant's attorney has explained to defendant his understanding of the government's evidence.

(2)

The defendant understands that defendant is not required to plead guilty, and that defendant has the right to plead not guilty and to elect instead to be tried by jury. The defendant understands that at a jury trial, defendant would enjoy a presumption of innocence, and that the government would have the burden of proving defendant's guilt beyond a reasonable doubt. The defendant understands that defendant would be entitled to the services of a lawyer at all stages of such a trial. The defendant understands that defendant would be entitled to confront and to cross-examine the

government's proof, and to present witnesses and evidence in defendant's own behalf. The defendant understands that defendant would have the right to testify in defendant's own behalf, but that defendant could not be compelled to do so. Defendant has discussed these rights with defendant's attorney. Defendant is satisfied with the services of defendant's lawyer. Defendant knowingly and voluntarily waives defendant's right to plead not guilty and to proceed to trial.

The United States Attorney and the Defendant understand and agree that the Court should consider its sentence in light of the advisory Federal Sentencing Guidelines, as explained in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005). Defendant knowingly and voluntarily waives any further objections that Defendant may have based on Booker, Apprendi v. New Jersey, 530 U.S. 466 (2000), and their progeny. So the Defendant agrees that at sentencing the Court may determine any pertinent fact by a preponderance of the evidence and the Court may consider any reliable information, including hearsay. The Defendant expressly waives any claim of right to an indictment, trial by jury, and/or proof beyond a reasonable doubt on any factual determinations that pertain to sentencing in this case.

(3)

Defendant being fully cognizant of defendant's rights, and in exchange for the considerations to be made by the United States as set forth in paragraph (4) below, agrees pursuant to Rule 11(c), Federal Rules of Criminal Procedure, as follows:

(A)   The defendant is guilty and will knowingly and voluntarily enter a plea of guilty to Count Four of the indictment which charges defendant with Bankruptcy Fraud, in violation of Title 18, United States Code, Section 152(2).

(B)   That defendant fully understands that defendant's plea of guilty as set forth in Subparagraph (A), above, will subject defendant to a maximum sentence of five (5) years imprisonment, a maximum fine of $250,000.00, or both, and a term of supervised release of three (3) years.  Defendant further acknowledges that the Court is required to impose a mandatory assessment of $100.00.

However, this plea agreement is made pursuant to Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, and defendant and the United States Attorney agree that a sentence of a term of imprisonment of one year and one day to be followed by ten months of home confinement (at Defendant's expense), a term of supervised release and a fine, the amount of each to be determined by the Court.  Additionally, the parties agree that Defendant should be given credit for the six (6) months (180 days) he served on the contempt action he served in case #5:04-CV-211(CAR).  The United States Attorney and defendant agree that this is the appropriate sentence in this case and that the court shall enter an order requiring the defendant to serve the balance of his sentence in the custody of the Federal Bureau of Prisons.

Defendant understands that if the Court accepts this agreement, this request will be binding upon the Court.  Defendant further understands that if the Court rejects this plea agreement the Court must do so on the record and in open Court.  The Court must advise the defendant of the following: (A) inform the parties that the Court rejects the plea

agreement, (B) advise the defendant personally that the Court is not required to follow the plea agreement and give the defendant the opportunity to withdraw the plea and (C) advise the defendant personally that if the plea is not withdrawn, the Court may dispose of the case less favorably toward the defendant than the plea agreement contemplated. The Government further agrees that should this plea be withdrawn based on the Court notifying the parties that it will not accept the terms of this agreement, the Government will not make any use of the statements made by the Defendant during the plea colloquy or as stipulated in this agreement in any subsequent trial which might be necessary.

(C)   The defendant acknowledges and understands that the Court is not bound by any estimate of the advisory sentencing range that defendant may have received from defendant's counsel, the government, or the Probation Office.  The defendant further acknowledges and agrees that defendant will not be allowed to withdraw defendant's plea because defendant has received an estimated guideline range from the government, defendant's counsel, or the Probation Office which is different from the advisory guideline range computed by the Probation Office in the Presentence Report and found by the Court to be the correct advisory guideline range.

(D)   The defendant understands fully and has discussed with defendant's attorney that the Court will not be able to consider or determine an advisory guideline sentencing range until after a pre-sentence investigative report has been completed. The defendant understands and has discussed with defendant's attorney that the defendant will have the opportunity to review the pre-sentence investigative report and challenge any facts reported therein.  The defendant understands and has discussed

with defendant's attorney that any objections or challenges by the defendant or defendant's attorney to the Pre-Sentence Report, the Court's evaluation and rulings on that Report, or the Court's sentence, will not be grounds for withdrawal of the plea of guilty.

(E)   Defendant understands and has discussed with defendant's attorney that after the Court considers the advisory guideline range for this case, the Court will have the discretion to impose a sentence that is more severe or less severe than the advisory guideline range.

(F)   Defendant agrees to provide a check for the mandatory assessment at the time of sentencing.

(G)   Defendant understands, and has fully discussed with defendant's attorney, that the Court shall order total restitution in this case pursuant to 18 U.S.C. § 3663A and that defendant agrees to pay the restitution ordered by the Court.

(H)   The defendant understands that ordinarily Title 18, United States Code, Section 3742, will in certain cases allow for a direct appeal after sentencing followed by the Court of Appeals' limited review of a defendant's sentence.  But once this agreement is accepted and sentence is imposed by the District Court, defendant by this agreement forever waives any right to an appeal or any other court review of defendant's sentence, and the defendant's waiver includes any collateral attack on the District Court's sentence. However, in the event that the District Court imposes a sentence that exceeds the advisory guideline range as determined by the District Court, then the defendant shall



retain the right to pursue a timely appeal of the sentence directly to the Court of Appeals after the District Court imposes its sentence.

The defendant and the United States Attorney agree that nothing in this plea agreement shall affect the government's opportunity to appeal as set forth in Title 18, United States Code, Section 3742(b). If, however, the United States Attorney notices an appeal of the defendant's sentence, then the defendant shall have the right to cross-appeal from the sentence.

(I) The defendant and the government stipulate and agree that there was no detected or identified biological evidence obtained during the investigation and prosecution of the matter which is subject to DNA testing. The defendant further agrees that all evidence obtained in this investigation and prosecution may be destroyed or returned to its rightful owner.

(J) Defendant agrees to provide complete, candid, and truthful statements to law enforcement officers regarding defendant's involvement and the involvement of all others involved in the charges alleged in the present information as well as any and all criminal violations about which the defendant has knowledge or information and that such information provided will be pursuant to and covered by this agreement. The defendant further agrees to provide complete, candid, and truthful testimony regarding such matters in any proceeding. The defendant understands that this agreement does not require the defendant to implicate any particular individual or individuals or to "make a case," rather it requires the defendant to be truthful and to testify truthfully whenever called upon.

The United States of America and defendant hereby agree that any breach of this agreement by the defendant occasioned by a failure to cooperate, by withholding information, giving of false information, perjury, or failure to testify in any judicial proceeding in connection with the individuals, matters, and transactions referred to in the indictment, would: (a) not relieve the defendant of defendant's plea of guilty; (b) permit the government to reinstate and proceed with prosecution on any other charges arising from the matters referred to in this Indictment; (c) permit the government to investigate and proceed with the prosecution of any other offenses arising from a breach of this agreement, including perjury, false declaration, false statement, and/or obstruction of justice; and (d) permit the government to utilize against the defendant in any subsequent judicial proceeding any and all statements made by the defendant.  If a legitimate issue arises as to whether or not there has been a breach of this agreement, said question shall be determined by the United States District Court for the Middle District of Georgia.  The burden of establishing such a breach shall be upon the United States and shall be established by a preponderance of the evidence.  The Federal Rules of Evidence shall not apply in any hearing to establish such a breach, but evidence shall be admitted and excluded at the Court's discretion.

(4)

In exchange for the consideration set forth in Paragraph (3) above, the United States Attorney for the Middle District of Georgia agrees as follows:

(A)    That he will accept the plea of guilty by defendant as provided in Paragraph (3)(A), above, in full satisfaction of all possible federal criminal charges, known to the

United States Attorney at the time of defendant's guilty plea, which might have been brought solely in this district against the defendant.

(B) That he further agrees, if the defendant cooperates truthfully and completely with the government, including being debriefed and providing truthful testimony, at any proceeding resulting from or related to defendant's cooperation, to make the extent of the defendant's cooperation known to the sentencing court. If the defendant is not completely truthful and candid in his cooperation with the Government, the defendant may be subject to prosecution for perjury, false statements, obstruction of justice, and/or any other applicable charge. If the cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" pursuant to 18 U.S.C. Section 3553(e) and/or Section 5K1.1 of the advisory Sentencing Guidelines warranting a government motion at the time of sentencing recommending a downward departure from the advisory guideline range. If the cooperation is completed subsequent to sentencing, the Government agrees to consider whether such cooperation qualifies as "substantial assistance" pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure warranting the filing of a motion for reduction of sentence within one year of the imposition of sentence. In either case, the defendant understands that the determination as to whether defendant has provided "substantial assistance" rests solely with the Government. Any good faith efforts on the part of the defendant that do not substantially assist in the investigation or prosecution of another person who has committed a crime will not result in either a motion for downward departure from the advisory guideline range or a Rule 35 motion. In addition, should the

defendant fail to cooperate truthfully and completely with the Government, or if the defendant engages in any additional criminal conduct, the defendant shall not be entitled to consideration pursuant to this paragraph.

(D)  Pursuant to Section 1B1.8 of the United States Sentencing Guidelines, the Government agrees that any self-incriminating information which was previously unknown to the Government and is provided to the government by the defendant in connection with defendant's cooperation and as a result of the defendant's plea agreement to cooperate will not be used in determining the advisory guideline range. Further, the government agrees not to bring additional charges against the defendant, with the exception of charges resulting from or related to violent criminal activity, as defined in 18 U.S.C. § 924(e)(2)(B)(i), based on any information provided by the defendant in connection with the defendant's cooperation, which information was not known to the government prior to said cooperation.  This does not restrict the government's use of information previously known or independently obtained for such purposes.

(E)  If the defendant affirmatively manifests an acceptance of responsibility as contemplated by the Sentencing Guidelines, the United States Attorney will recommend to the Court that the defendant receive a downward adjustment in the advisory guideline range.  But the decision whether the defendant will receive any sentence reduction for acceptance of responsibility rests within the Court's discretion.  The United States expressly reserves its right to furnish to the Court information, if any, showing that the defendant has not accepted responsibility, including, but not limited to, denying his

involvement, giving conflicting statements as to his involvement, or engaging in additional criminal conduct including personal use of a controlled substance.

(5)

If the Court accepts the plea agreement the sentencing discretion of the Court is limited to the terms of the plea agreement. However, if the Court rejects the terms of the binding plea agreement and the defendant proceeds with the guilty plea then nothing herein limits the sentencing discretion of the Court.

(6)

This agreement constitutes the entire agreement between the defendant and the United States, and no other promises or inducements have been made, directly or indirectly, by any agent of the United States, including any Assistant United States Attorney, concerning any plea to be entered in this case. In addition, defendant states that no person has, directly or indirectly, threatened or coerced defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

(7)

As an aid to this Court, the United States Attorney and the defendant, by and through defendant's counsel, enter into the following Stipulation of Fact. This stipulation is entered into in good faith with all parties understanding that the stipulation is not binding on the Court. Under U.S.S.G. Policy Statement Section 6B1.4(d), this Court may accept this stipulation as written or in its discretion with the aid of the Pre-Sentence Report determine the facts relevant to sentencing.

Subject to the above paragraph, the United States Attorney and the defendant stipulate and agree that the following facts are true and would be proven beyond a reasonable doubt at a trial:

On May 22, 2008, the Defendant filed a voluntary petition of Chapter 7 bankruptcy under Title 11 of the United States Code. The petition was signed by the Defendant asserting the information provided therein was true and correct. On July 16, 2008 Defendant, as debtor in the United States Bankruptcy Court for the Middle District of Georgia testified at the Creditor's Meeting, 341A Hearing that had been continued from June 25, 2008 and at this hearing Defendant asserted under penalty of perjury that the Schedule B of the Statement of Financial Affairs and Amended Statement of Financial Affairs were true and correct when in fact they were not. The defendant alleged in his financial affairs statements that his furniture was valued at $5,000. In fact, Defendant's furniture was sold at auction for substantially more than $5,000. Defendant also alleged under penalty of perjury in his financial affairs statement that he had no interest in a 2007 and 2008 Volvo as well as a 2007 Toyota Sienna when in fact Defendant did have a financial interest in a 2007 and 2008 Volvo as well as a 2007 Toyota Sienna. Defendant acknowledges that he made these statements under penalty of perjury when he knew that said statements were not true and correct.

The Government and Defendant agree that Defendant may voluntarily surrender once he is designated to a federal facility.

(8)

## ACCEPTANCE OF PLEA AGREEMENT

Defendant understands and has fully discussed with defendant's attorney that this agreement shall become effective only upon the Court's acceptance of this agreement and the Court's acceptance of the plea of guilty by the defendant.

SO AGREED, this __10__ day of __Feb,_____, 2014.

                        MICHAEL J. MOORE
                        UNITED STATES ATTORNEY

BY: _____
                        VERDA M. COLVIN
                        ASSISTANT UNITED STATES ATTORNEY
                        GEORGIA BAR NO. 018901

I, GEORGE ROBERT VITO, have read this agreement and had this agreement read to me by my attorney, DAVID WOLFE. I have discussed this agreement with my attorney and I fully understand it and agree to its terms.

_____
GEORGE ROBERT VITO
DEFENDANT

I, DAVID WOLFE, attorney for defendant GEORGE ROBERT VITO, have explained the information and the government's evidence received through discovery and my investigation of the charge to defendant. I believe defendant understands the charge against defendant and the evidence that would be presented against defendant at a trial. I have read this agreement, have been given a copy of it for my file, and have explained it to defendant. To the best of my knowledge and belief, defendant understands this agreement.

_____
DAVID WOLFE
ATTORNEY FOR DEFENDANT